UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FRANCES ANN MORAN,

     Plaintiff,

v.                                        Case No.:  3:21-cv-143-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## OPINION AND ORDER

Plaintiff Frances Ann Moran seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. As explained below, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A.    Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

## B.    Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C.    Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on November 20, 2018, alleging disability beginning April 21, 2018. (Tr. 97, 185-86). The application was denied initially and on reconsideration. (Tr. 97, 111). Plaintiff requested a hearing and a hearing was held on January 22, 2020,

before Administrative Law Judge ("ALJ") K. Barlow. (Tr. 39-70). On February 12, 2020, the ALJ entered a decision finding Plaintiff not disabled from April 21, 2018, through the date of the decision. (Tr. 27-34).

Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on December 14, 2020. (Tr. 5-10). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on February 12, 2021, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 17).

### D.    Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2023. (Tr. 29). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 21, 2018, the alleged onset date. (Tr. 29). At step two, the ALJ found that Plaintiff had the following severe impairments: "hypertension, fibromyalgia, obesity and hypothyroidism." (Tr. 29). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 30).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 [C.F.R. §] 404.1567(a) with no more than frequent handling and fingering, and the ability to change between sitting and standing hourly, performing job duties from either the seated or the standing position (sit/stand option).

(Tr. 30).

At step four, the ALJ found that Plaintiff was able to perform her past relevant work as a secretary, cashier II, and an administrative clerk as actually and generally performed. (Tr. 34). The ALJ determined that this work does not require the performance of work-related activities precluded by the RFC. (Tr. 34). The ALJ concluded that Plaintiff had not been under a disability from April 21, 2018, through the date of the decision. (Tr. 34).

## II.    Analysis

On appeal, Plaintiff raises two issues: (1) whether the Commissioner misstated the content of the vocational expert's testimony and further erred in relying on the vocational expert's response to an incomplete hypothetical question; and (2) whether the Appeals Council erred in failing to acknowledge the submission of Plaintiff's affidavit regarding the physical requirements of her past relevant work as a secretary. (Doc. 22, p. 1-2).

## A.    Reliance on Vocational Expert's Testimony

Plaintiff argues that the ALJ erred in misstating the content of the vocational expert's testimony and erred in her reliance on the vocational expert's response to an incomplete hypothetical. (Doc. 22, p. 8). Specifically, Plaintiff claims three errors: (1) the ALJ erred in finding Plaintiff capable of preforming the jobs of cashier II and administrative clerk because these jobs were performed at a light level and the ALJ limited Plaintiff to a reduced range of sedentary work; (2) the ALJ failed to incorporate all of the limitations contained in the RFC when posing a hypothetical to the vocational expert; and (3) the ALJ erred in not asking the vocational expert whether his testimony conflicted with the DOT. (Doc. 22, p. 10-12).

At step four, Plaintiff carries a heavy burden of showing that her impairments prevent her from performing her past relevant work. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). Past relevant work is defined as work that a claimant had done within the past 15 years, that was substantial gainful activity, and lasted long enough for the claimant to learn to do it. 20 C.F.R. § 404.1560(b)(1

### 1.    Ability to Perform Cashier II and Administrative Clerk Jobs

In the RFC, the ALJ limited Plaintiff to a reduced range of sedentary work. (Tr. 30). At step four, the ALJ found Plaintiff capable of performing past relevant work as a secretary (sedentary), cashier II (light), and administrative clerk (light, but

performed by Plaintiff as medium level). (Tr. 34).The ALJ then stated: "The vocational expert was questioned about her ability to perform this work if limited to residual functional capacity assessment herein and opined that the claimant could perform her work as a secretary. This opinion testimony is accepted as both competent and credible." (Tr. 34). Nonetheless, the ALJ found Plaintiff capable of performing work at a light level as a cashier II and an administrative clerk. As the Commissioner concedes, the ALJ erred in finding Plaintiff capable of performing work as a cashier II and administrative clerk. (Doc. 25, p. 5). But this error is harmless. The ALJ found Plaintiff capable of performing the job of secretary, which was performed by Plaintiff and was generally performed at a sedentary level. As a result, this error does not warrant remand.

## 2.  Complete Hypothetical to the Vocational Expert

Plaintiff argues that the ALJ failed to incorporate all the limitations contained in the RFC into the hypothetical to the vocational expert. (Doc. 22, p. 10-11). While a vocational expert is not required at step four of the sequential evaluation, here the ALJ retained a vocational expert and posed a hypothetical question to him. (Tr. 66).

In the hypothetical to the vocational expert, the ALJ posed, "[w]hen you look at the need to be able to sit and stand to change your position hourly, if you don't come off task, can you still do the secretarial job?" (Tr. 66). The vocational expert responded, "Yes, ma'am. That is correct." (Tr. 66). In the RFC, however, the ALJ

limited Plaintiff to, among other things, "the ability to change between sitting and standing hourly, performing job duties from either the seated or the standing position (sit/stand option)." (Tr. 30). Plaintiff argues that the ALJ incorporated the first part of the limitations, but failed to ask whether the job could be performed from either a seated or standing position. (Doc. 22, p. 11). Plaintiff points to a distinction without a difference. The vocational expert understood that the job would require a sit/stand option and the ALJ's additional language in the RFC does not change that basic premise. The Court finds even if the ALJ erred in the hypothetical posed to the vocational expert, the error was harmless.

### 3.     Conflict with the DOT

Plaintiff contends that the ALJ erred by not asking the vocational expert if the testimony was consistent with the DOT. (Doc. 22, p. 12). "[T]he ALJ has an affirmative obligation to identify any 'apparent' conflict and to resolve it. The failure to properly discharge this duty means the ALJ's decision is not supported by substantial evidence." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1362 (11th Cir. 2018). An ALJ must ask the vocational expert to identify and explain any conflict between his or her testimony and the DOT. *Id.* at 1363. Whenever a conflict is apparent, the ALJ is required to ask the vocational expert about it. *Id.* An apparent conflict is a "conflict that is reasonably ascertainable or evident from a review of the DOT and the VE's testimony. At a minimum, a conflict is apparent if a reasonable

comparison of the DOT with the VE's testimony suggests that there is a discrepancy, even if, after further investigation, that turns out not to be the case." *Id.* at 1365. "During or after the hearing, the ALJ is expected to take notice of apparent conflicts, even when they are not identified by a party, and resolve them." *Id.* at 1363.

Here, Plaintiff states that the ALJ did not ask the vocational expert if his testimony conflicted with the DOT. (Doc. 22, p. 12). While true, Plaintiff does not cite a conflict with the DOT and only speculates that if the ALJ had asked, it "might have fleshed out the inconsistencies." (Doc. 22, p. 12). Without Plaintiff identifying a specific conflict between the vocational expert's testimony and the DOT, any error by the ALJ is harmless.

In sum, even if the ALJ erred at step four, any error was harmless. Substantial evidence supports the ALJ's finding that Plaintiff can return to her past relevant work as a secretary as generally performed in the national economy.

### B.    Additional Affidavit Submitted to Appeals Council

Plaintiff argues that the Appeals Council erred in failing to address Plaintiff's affidavit that explained Plaintiff's job duties as a secretary. (Doc. 22, p. 13). On May 15, 2020, Plaintiff completed an Affidavit that detailed her secretarial duties at the University of South Alabama and submitted it to the Appeals Council. (Tr. 277). In its denial of Plaintiff's request for review, the Appeals Council did not mention the Affidavit in the additional evidence it received, even though it listed the Affidavit as

an exhibit. (Tr. 6, 9-10). Plaintiff claims that the vocational expert's and the ALJ's classification of Plaintiff's secretarial work as sedentary was incorrect. (Doc. 22, p. 13). Plaintiff argues that the ALJ did not have sufficient information as to the job duties to classify her past relevant work. (Doc. 22, p. 13).

"'With a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process,' including before the Appeals Council." *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (quoting *Ingram v. Comm'r of Soc., Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir.2007)). Under new regulations effective in 2017,[1] the Appeals Council will review a case when it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5); 20 C.F.R. § 416.1470(a)(5). New evidence is chronologically relevant if it relates to the period on or before the date of the ALJ's decision. *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309 (11th Cir. 2018). The new regulation added an additional requirement that the Appeals Council "will only consider additional evidence under paragraph (a)(5) of this section if you

---

[1] In 2016, 20 C.F.R. § 404.970 was amended, effective January 17, 2017, but with compliance not required until May 1, 2017. *See* 81 Fed. Reg. 90987, 90996 (Dec. 16, 2016).

show good cause for not informing us about or submitting the evidence as described in § 416.1435….” 20 C.F.R. § 404.970(b); 20 C.F.R. § 416.1470(b).

The Appeals Council need not give a detailed explanation or further address each piece of new evidence individually. *Hargress*, 883 F.3d at 1309 (citing *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014)). If the ALJ's decision is contrary to the weight of the evidence – including the new evidence – then the Appeals Council must grant the petition for review. *Id.*

First, Plaintiff failed to show good cause why she did not submit a more detailed job description earlier in the administrative process. *See* 20 C.F.R. § 404.970(b). Nothing prevented Plaintiff from supplementing the Work History Report, testifying at the hearing about her job duties – where she was represented by counsel – or submitting an affidavit to the ALJ. (Tr. 201-206). Consequently, Plaintiff failed to comply with the new regulations.

Second, the ALJ found Plaintiff capable of performing the work as a secretary as it was generally performed, which was at a sedentary level. (Tr. 34). Thus, even if Plaintiff could not perform the job of secretary as she actually performed it, she could perform the job duties of a secretary as generally performed in the national economy at a sedentary level. Plus, Plaintiff's counsel did not raise any objection at the hearing regarding Plaintiff's past relevant work as a secretary. (Tr. 65-69). Thus, even if the Appeals Council erred, the error is harmless because the ALJ found

Plaintiff capable of performing the work of a secretary as generally performed. The Court finds no error.

### III.   Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on August 18, 2022.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties